**2025-1110**

# United States Court of Appeals for the Federal Circuit

FA-HSING LU,

*Plaintiff-Appellant,*

— v. —

HYPER BICYCLES, INC.,

*Defendant-Appellee.*

*On Appeal from the United States District Court of Massachusetts in No. 1:20-cv-11739-NMG*

## BRIEF FOR PLAINTIFF-APPELLANT

CHRISTOPHER E. HULTQUIST
HULTQUIST LAW, P.C.
56 Pine Street, Suite 200
Providence, Rhode Island 02903
(401) 383-6650
chris@hultquist-law.com

*Counsel for Plaintiff-Appellant Fa-Hsing Lu*

FEBRUARY 6, 2025

 CP COUNSEL PRESS    (800) 4-APPEAL • (336013)

"The ornamental design for a bicycle, as shown and described in Figures 1-7 and excluding the wheels, seat, frame, handlebars and pedal/gear/chain assembly of the bicycle only to the extent those elements serve functional, not ornamental, purposes."

**FORM 9. Certificate of Interest**                              Form 9 (p. 1)
                                                                 March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number**  2025-1110

**Short Case Caption**  Lu v. Hyper Bicycles, Inc.

**Filing Party/Entity**  Fa-Hsing Lu

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/08/2024

Signature:  /s/ Christopher E. Hultquist

Name:  Christopher E. Hultquist

**FORM 9. Certificate of Interest**

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Fa-Hsing Lu | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable            ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)    ☑   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable            ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF RELATED CASES ................................................................1

STATEMENT OF JURISDICTION....................................................................1

STATEMENT OF THE ISSUES.........................................................................2

STATEMENT OF THE CASE.............................................................................3

SUMMARY OF ARGUMENT ...........................................................................5

ARGUMENT .......................................................................................................6

I.     Standard of Review...................................................................................6

II.    The Trial Court Abused its Discretion by Ignoring the Evidence in
       the Record and Concluding that Lu's Claims were Frivolous ........................6

III.   Conclusion ................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Apple Inc. v. Samsung Elecs. Co.*,
  809 F.3d 633 (Fed. Cir. 2015)................................................................8

*Bayer CropScience AG v. Dow AgroSciences LLC*,
  851 F.3d 1302 (Fed. Cir. 2017)............................................................8

*Fa-Hsing Lu v. Hyper Bicycles, Inc.*,
  Case Number 2024-1081 ......................................................................1

*Gaymer Indus., Inc. v. Cincinnati Sub-Zero Prods, Inc.*,
  790 F.3d 1369 (Fed. Cir. 2015)............................................................6

*Hyper Bicycles, Inc. v. Ballard Pacific Resources, Inc.*,
  C.A. No: 2:2021-cv-01574 ...................................................................7

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
  150 F.3d 1374 (Fed. Cir. 1998)............................................................8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014)...........................................................................6, 9

**Statutes & Other Authorities:**

28 U.S.C. § 1295(a)(1).............................................................................2

28 U.S.C. § 1338(a) .................................................................................1

35 U.S.C. § 102(f)....................................................................................3

35 U.S.C. § 256........................................................................................3

35 U.S.C. § 285................................................................................2, 5, 6

Fed. Cir. R. 47.5(a)..................................................................................1

Fed. Cir. R. 47.5(b) .................................................................................1

## STATEMENT OF RELATED CASES

Pursuant to Fed. Cir. R. 47.5(a), counsel for Appellant certifies that no other appeal from the same civil action in the lower court was previously before this Court or any other appellate court.

Pursuant to Fed. Cir. R. 47.5(b), counsel for Appellant states that *Fa-Hsing Lu v. Hyper Bicycles, Inc.* Case Number 2024-1081, pending in the United States Court of Appeals for the Federal Circuit, may directly affect this court's decision in the pending appeal.

## STATEMENT OF JURISDICTION

Fa-Hsing Lu (" Lu") filed the underlying patent infringement action in Massachusetts Federal District Court on September 23, 2020. Appx56-60. Subject matter jurisdiction was proper in the underlying federal district court action, as federal district courts have exclusive subject matter jurisdiction over cases "arising under patent law." 28 U.S.C. § 1338 (a). The district court entered final Judgment dismissing Lu's patent infringement claims on September 20, 2023. Appx8. Lu timely filed his Notice of Appeal on October 20, 2023. Appx680. That appeal, *Fa-Hsing Lu v. Hyper Bicycles, Inc.* Case Number 2024-1081, is currently pending in the United States Court of Appeals for the Federal Circuit.

On October 4, 2023, Hyper Bicycles, Inc. ("Hyper") filed a Motion for Award of Attorneys' Fees pursuant to 35 U.S.C. §285. Appx702-703.  On November 7, 2023, the district court issued a Memorandum and Order granting the motion as to all reasonable fees incurred on or after January 3, 2022, but denied the other portion of Hyper's motion.  Appx846-851.  On November 28, 2023, Hyper filed an Application for Award of Attorneys' Fees. Appx852-859.  On September 16, 2024, the district court issued an Order directing Lu to pay Hyper $56,000.00 in attorneys' fees. Appx921-924.  On October 16, 2024, Lu filed a timely Notice of Appeal. Appx932-933.  On October 30, 2024, the district court entered an Amended Judgment in favor of Hyper incorporating the award of attorneys' fees. Appx938-939.  This Court has exclusive jurisdiction of the appeal under 28 U.S.C. § 1295(a)(1).

## STATEMENT OF THE ISSUES

1.    Did the trial court err in finding that the underlying action constituted an "exceptional" case warranting an award of attorneys' fees?

2.    Did the trial court err by disregarding the record evidence produced in opposition to Hyper's underlying motion for summary judgment when finding Lu's claims to be frivolous?

2

## STATEMENT OF THE CASE

On September 23, 2020, Lu filed the underlying patent infringement action against Hyper in Massachusetts Federal District Court.  Appx56-60.  Lu identified the 16-inch Moto Hyper Nitro Circus Bike "Motobike" as infringing upon Patent No. US D529,842 S, and the Hyper Bicycles Speedbike "Speedbike" as infringing upon Patent No. 556,642 S.  Appx57-58, Paragraph 15.  On November 19, 2020, Hyper filed an Answer along with Counterclaims for (1) Fraud-Intentional Misrepresentation; (2) Fraud-Concealment; (3) Declaratory Relief; (4) Declaration of Invalidity of U.S. Patent D549,842; (5) Declaration of Invalidity of U.S. Patent D556,642; (6) Invalidity of U.S. Patent No.,D549842 Under 35 U.S.C. §102(f); (7) Invalidity of U.S. Patent No., D556,642 Under 35 U.S.C. §102(f);  (8) Declaratory Judgment of Unenforceability of U.S. Patent No. D549,842 Due to Inequitable Conduct; (9) Declaratory Judgment of Unenforceability of U.S. Patent No. D556,642 Due to Inequitable Conduct; (10) Correction of Inventorship of U.S. Patent No. D549,842 Under 35 U.S.C. §256; and (11) Correction of Inventorship of U.S. Patent No. D556,642 Under 35 U.S.C. §256. Appx68-92.

Lu filed an Answer to the Counterclaim on December 13, 2020.  Appx169-181.  A Markman hearing was held on October 20, 2021, and the Court issued a Memorandum and Order regarding claims construction on October 25, 2021. Appx431-440.  On February 24, 2022, local counsel for Hyper filed a Notice of

Withdrawal. Appx520-521.  On February 28, 2022, August 30, 2022, and

December 5, 2022, Plaintiff filed Assented to Motions to Extend Time to Extend

Deadlines in the Scheduling Order.  Appx522-524, Appx526-528, Appx531-533.

The Court granted the requested extensions, and on December 8, 2022, issued an

Order setting trial for September 18, 2023, with discovery to be completed by

January 27, 2023.  Appx534.  On the same date, December 8, 2022, local counsel

for Hyper entered their appearance. Appx51.  On March 1, 2023, Lu filed an

additional Assented to Motion to Extend Time to Extend Deadlines in the

Scheduling Order.  Appx535-537.  The Court granted the motion in part by

extending the fact discovery completion to March 31, 2023, and expert discovery

completion to May 31, 2023, but retained the September 18, 2023 trial date.

Appx538.

     Hyper filed its Motion for Summary Judgment on June 1, 2023. Appx539-

541.  Lu filed his Opposition on July 21, 2023. Appx602-606.  On August 7, 2023,

the Court issued a Memorandum and Order granting Hyper's Motion for Summary

Judgment.  Appx1-7.   On September 6, 2023, Hyper filed a Motion to Dismiss

Counter-Claims Against Lu.  Appx666-668. On September 15, 2023, the Court

entered an Order granting the motion.  Appx670.  The Court entered final

Judgment dismissing Lu's patent infringement claims on September 20, 2023.

Appx8.    Lu filed his Notice of Appeal on October 20, 2023. Appx680.

On October 4, 2023, Hyper filed a Motion for Award of Attorneys' Fees pursuant to 35 U.S.C. §285. Appx702-703. On November 7, 2023, the district court issued a Memorandum and Order granting the motion as to all reasonable fees incurred on or after January 3, 2022, but denied the other portion of Hyper's motion. Appx846-851. On November 28, 2023, Hyper filed an Application for Award of Attorneys' Fees. Appx852-859. On September 16, 2024, the district court issued an Order directing Lu to pay Hyper $56,000.00 in attorneys' fees. Appx921-924. On October 16, 2024, Lu filed a timely Notice of Appeal. Appx932-933.

## SUMMARY OF ARGUMENT

Lu contends that the district court erred in granting Hyper's Motion for Attorneys' Fees. Lu contends that the district court abused its discretion in finding the case to be deemed "exceptional.'

Lu contends that the trial court's finding of frivolity after reviewing the totality of circumstances of the litigation, including the record evidence produced in opposition to the underlying motion for summary judgment, was an abuse of discretion.

# ARGUMENT

## I.    Standard of Review

This Court reviews the district court's award of attorneys' fees under the Patent Act under an abuse of discretion standard.  In particular, this court reviews the court's determination of whether a case is "exceptional" for an abuse of discretion.  *Gaymer Indus., Inc. v. Cincinnati Sub-Zero Prods, Inc*., 790 F.3d 1369, 1372 (Fed. Cir. 2015).

## II.    The Trial Court Abused its Discretion by Ignoring the Evidence in the Record and Concluding that Lu's Claims were Frivolous

Section 285 of the Patent Act allows a district court, in an exceptional case, to award reasonable attorney's fees to the prevailing party. 35 U.S.C. § 285. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.*

In the case at bar, Lu contends that the trial court unreasonably characterized his claims as frivolous and made the alleged "frivolity" a focal point of its decision

to award attorneys' fees. Appx848.    Lu's primary argument concerns the fact that the trial court ignored the import of the deposition testimony provided in his Opposition to Hyper's Motion for Summary Judgment and failed to acknowledge that the statements made by Hyper in its Counterclaim provided sufficient factual issues in the record concerning Hyper's sales of infringing products.

Lu's Opposition to Hyper's Motion for Summary Judgment identified the 16-inch Moto Hyper Nitro Circus Bike "Motobike" as infringing upon Patent No. US D529, 42 S, and the Hyper Bicycles Speedbike "Speedbike" as infringing upon Patent No. 556,642 S. Appx602-606. The photos of the identified infringing bicycles were submitted as part of the Opposition as well. Appx612-613.

Lu's Opposition also contained portions of the April 20, 2023 deposition transcript of Clay Goldsmid, CEO of Hyper Bicycles, Inc, in the matter of *Hyper Bicycles, Inc. v. Ballard Pacific Resources, Inc*. C.A. No: 2:2021-cv-01574, United States District Court Central District of California, Western Division. Appx614-617. During the deposition, Mr. Goldsmid was shown photos of the above-mentioned Hyper Nitro Circus MotoBike and the Speed Bike. When asked if each of the bicycles identified as the infringing products were based upon the drawings in the respective patents, he acknowledged that they were. Appx617.

Lu's Opposition contained his own deposition transcript testimony stating that he became aware that the identified infringing bicycles were being sold on Walmart.com in the 2019-20-time frame.  Appx618-624. In addition, Lu identified Hyper's own November 19, 2020 Counterclaim against Lu in this action citing the language in Paragraph 24  "from 2016 forward, Hyper manufactured Moto Bikes and Speed Bikes through its own manufacturer, and sold its Moto Bikes and Speed Bikes directly to Walmart." Appx604, Appx79.

Lu contends that the above-mentioned submissions in the record and language from Hyper's own Counterclaim were ignored by the trial court during its analysis in granting Hyper's Motion for Attorneys' Fees.

A district court abuses its discretion when its ruling rests on an erroneous legal conclusion or on a clearly erroneous assessment of the evidence.  *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 639 (Fed. Cir. 2015).  The court also abuses its discretion when it makes a " 'clear error of judgment in weighing relevant factors.' " *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) (quoting *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1377 (Fed. Cir. 1998)).

After considering the totality of the circumstances, Lu asserts that this case does not satisfy the high standard that the Supreme Court adopted in

*Octane Fitness* for the award of attorney fees in patent cases, and the trial court abused its discretion by finding the case to be extraordinary.

## III.    Conclusion

For the above-mentioned reasons, Plaintiff respectfully requests the Court to vacate the Amended Judgment entered on October 30, 2024, incorporating the award of attorneys' fees to Hyper. Appx938-939.

Respectfully submitted,

/s/ Christopher E. Hultquist
CHRISTOPHER E. HULTQUIST
HULTQUIST LAW, P.C.
56 Pine Street, Suite 200
Providence, Rhode Island 02903
(401) 383-6650
hultquistlaw@gmail.com
Counsel for Plaintiff-Appellant

9

ADDENDUM

**United States District Court**
**District of Massachusetts**

```
_____
                           )
Fa-Hsing Lu,               )
                           )
          Plaintiff,       )
                           )
     v.                    )
                           )     Civil Action No.
Hyper Bicycles, Inc.,      )     20-11739-NMG
                           )
          Defendant.       )
_____)
```

**MEMORANDUM & ORDER**

GORTON, J.

     This case arises out of the alleged infringement by defendant Hyper Bicycles, LLC ("Hyper" or "defendant") of two design patents held by plaintiff Fa-Hsing Lu ("Lu" or "plaintiff"). Summary judgment has been entered in defendant's favor on all counts and pending before the Court is its motion for attorney's fees. For the reasons that follow, the motion will be ALLOWED, in part, and DENIED, in part.

**I.  Background**

     In September, 2020, Lu, a citizen and resident of Taiwan, Republic of China, filed suit in this Court for patent infringement against Hyper, a Massachusetts corporation with its principal place of business in New Jersey. Lu asserts infringement of United States Patent Numbers D529,842 S ("the

Appx846

'842 patent") and D556,642 S ("the '642 patent"), each of which
relates to the ornamental design of a bicycle.  Hyper denied the
substantive claims in November, 2020, and asserted 13
counterclaims against Lu.

In October, 2021, this Court convened a Markman hearing
with respect to the claim construction of the '842 and '642
patents.  Shortly thereafter, it issued a memorandum and order
in which it adopted a limited verbal construction of the
patents.  The Court allowed several requests in 2022 and 2023
for extensions of time to complete fact and expert discovery.
Defendant filed a motion for summary judgment in June, 2023,
which this Court allowed in August, 2023.  Defendant now moves
for attorney fees pursuant to 35 U.S.C. § 285.

## II.  <u>Motion for Attorneys' Fees</u>

The Patent Act permits an award of reasonable attorneys'
fees to the prevailing party "in exceptional circumstances." 35
U.S.C. § 285.  Whether a case is "exceptional" turns on whether
the case

> stands out from others with respect to the substantive
> strength of a party's litigating position (considering
> both the governing law and the facts of the case) or
> the unreasonable manner in which the case was
> litigated.

<u>Octane Fitness, LLC</u> v. <u>ICON Health & Fitness, Inc.</u>, 572 U.S.
545, 554 (2014).  For a finding of exceptionality, it is not

-2-

enough that legal and factual arguments put forth during the litigation turn out to be incorrect or unsuccessful. See SFA Sys., LLC v. Newegg Inc., 793 F.3d 1344, 1349 (Fed. Cir. 2015).

This Court is charged to make its determination case-by-case based on the totality of the circumstances. Id. Factors that support a finding of exceptionality include, but are not limited to:

> frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.

Octane Fitness, LLC, 572 U.S. at 554 n.6 (quoting Fogarty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994).

Based on the totality of circumstances, including, inter alia, the frivolity of plaintiff's claims and his failure to litigate the case meaningfully, this is an exceptional case in which the award of attorneys' fees is warranted.

From February, 2022 to March, 2023, plaintiff sought four extensions of the deadlines in the scheduling order. By the time of the fourth motion to extend, this Court was compelled to deny the motion, in part, because plaintiff's proposed extension would have made this a three-year-old case.

The extended age of the case as a result of plaintiff's procrastination does not, of itself, render it "exceptional." It does push it over the edge, however, when added to the fact

-3-

Appx848

that during the three years of pendency, plaintiff failed to propound any written discovery, took no depositions and did not designate a single expert witness.

When confronted by defendant's motion for summary judgment, plaintiff barely contested it. He submitted a cursory opposition, without an accompanying statement of facts in contravention of Local Rule 56.1. He thus conceded the material facts submitted by defendant and, based on the threadbare materials put forward in his brief, summary judgment was entered in favor of defendant.

Now, in yet another meritless brief, plaintiff cites two reasons to support his contention that this case is not "exceptional": 1) proffered evidence from a deposition of defendant's principal in another case and 2) his own deposition testimony in this case.

While the deposition of defendant's principal revealed that its MotoBike and SpeedBike products were based on drawings in plaintiff's patents, plaintiff testified at his deposition that he had no knowledge of whether such products were ever actually sold. Furthermore, plaintiff proffered no evidence of damages. That plaintiff did not know whether a single, allegedly-infringing product was sold is a testament to his failure to investigate the basic facts relevant to his claims.

-4-

Appx849

In summary, plaintiff did not prosecute his claim in good faith and made little effort to limit the costs incurred by dragging it out.  Accordingly, the Court finds that this is an exceptional case under the Patent Act and that defendant is entitled to recover at least some attorneys' fees.

## V.  <u>Award of Fees</u>

This Court does not have reason to believe that the suit was originally filed in bad faith or that plaintiff engaged in misconduct.  Whether he should have known from the outset that his suit was without merit is arguable but, in any event, the case is exceptional because of his dilatory conduct during the litigation.

Accordingly, this Court will award defendant attorneys' fees and costs incurred after January 3, 2022.  On that date, 14 months after the litigation commenced, plaintiff admitted in an interrogatory that he had no records in his possession "identifying any products imported, manufactured, sold, or offered [for] sale" that infringed the patents in suit.  At that juncture, counsel for plaintiff should have known his client's patent infringement claim was meritless and should have been dismissed.

Defendants will promptly file an application for fees, with affidavits and a detailed breakdown of time and costs.  The fees

Appx850

sought must be consistent with this memorandum and reasonably related to services rendered within the designated timeframe. Plaintiff may object or otherwise respond to such an application.

**ORDER**

For the foregoing reasons, the motion of defendant, Hyper Bicycles, Inc., for attorneys' fees (Docket No. 106) is, as to all reasonable fees incurred on or after January 3, 2022, **ALLOWED**, but is otherwise **DENIED**. Defendant shall file an appropriate application on or before Tuesday, November 28, 2023, and plaintiff an opposition, if any, on or before Tuesday, December 12, 2023.

**So ordered.**

 /s/ Nathaniel M. Gorton 
Nathaniel M. Gorton
United States District Judge

Dated:  November 7, 2023

-6-

Appx851

United States District Court

District of Massachusetts

| | |
|---|---|
| Fa-Hsing Lu, | ) |
| Plaintiff, | ) |
| v. | ) |
| Hyper Bicycles, Inc., | ) Civil Action No. |
| Defendant. | ) 20-11739-NMG |

ORDER

GORTON, J.

In this patent infringement case, this Court allowed
summary judgment in favor of defendant Hyper Bicycles, LLC
("defendant") in September, 2023. Defendant subsequently sought
an award of attorneys' fees from plaintiff Fa-Hsing Lu
("plaintiff") which this Court allowed, ordering defendant to
file an application for fees with a detailed breakdown of time
and costs. Now, defendant seeks approval of fees in the amount
of $80,075.

In patent infringement cases, courts may grant "reasonable
attorney fees" to the prevailing party "in exceptional cases."
35 U.S.C. § 285. As this Court already determined in a previous
order, this is an exceptional case. In his opposition to
defendant's specific request for fees, plaintiff repeats its

- 1 -

Appx921

opposition to that conclusion.  The Court declines to reconsider it. See Ellis v. United States, 313 F.3d 636, 646 (1st Cir. 2002) (recognizing that courts need not relitigate matters already decided).

A request for fees, when warranted, is reviewed under the "lodestar" method, i.e., the reasonable hourly rate multiplied by the reasonable number of total hours expended during the litigation. Lipsett v. Blanco, 975 F. 2d. 934, 937 (1st Cir. 1992).  The lodestar, once established, is a presumptively reasonable fee but a district court may, in its discretion, subject that fee "to upward or downward adjustment." Lipsett, 975 F. 2d. at 937 (citing Blum v. Stenson, 465 U.S. 886, 896 (1984)).

Here, plaintiff does not contest that the hourly rates charged by defendant's counsel were reasonable and only asserts that the number of hours devoted in total, 124.1, are excessive. The number of hours reportedly spent is excessive if, based on the total number of hours actually spent on the case, there are "hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir.1984).  The reasonable number of hours will instead be calculated by subtracting the hours that are found not to be necessary. Id.  The party applying for fees "bears the burden of establishing entitlement to an award and documenting

- 2 -

Appx922

the appropriate hours expended and hourly rates." <u>Hensley</u> v.

<u>Eckerhart</u>, 461 U.S. 424, 437 (1983).

Plaintiff argues that the excessive hours include reported

time for travel to a mediation (10.2 hours), time spent by local

counsel on a different pending case in Massachusetts (0.4

hours), and time spent in support of defendants' original

request for fees itself (18.5 hours). Requests for travel

expenses are an undeniably compensable aspect of attorneys' fees

and therefore are not excessive. <u>See Cent. Pension Fund of the</u>

<u>Int'l Union of Operating Engineers & Participating Emps.</u> v. <u>Ray</u>

<u>Haluch Gravel Co.</u>, 745 F.3d 1, 7 (1st Cir. 2014) ("It is settled

beyond hope of contradiction that an attorney's travel time may

be reimbursed in a fee award." (quotation omitted)).

The Court agrees, however, that the request for fees

incurred with respect to another case is improper and that the

fees for drafting the original request for fees is

disproportionate. <u>See Keefe</u> v. <u>Loc. 805</u>, No. 01-10194-DPW, 2008

WL 3824786, at *8 (D. Mass. Aug. 13, 2008) ("[I]t is improper

for a party to seek fees in one case for work in relation to a

different case."); <u>Brewster</u> v. <u>Dukakis</u>, 3 F.3d 488, 494 (1st

Cir. 1993) ("[T]ime reasonably expended in connection with fee

applications is itself compensable . . . but . . . it may fairly

be compensated at a reduced rate" (citations and quotations

omitted)). The Court therefore reduces the total fee by $210

- 3 -

Appx923

for time spent on the other case and reduces the hourly rate
charged for the time spent on the fee application by one half,
reducing the total award by an additional $4,856.

Even with the aforementioned reductions, the Court further
agrees with plaintiff that the requested fees are excessive and,
in its discretion, finds that a downward adjustment is
warranted. See Lipsett, 975 F. 2d. at 937.  The Court will
therefore reduce the lodestar amount by an additional amount of
approximately 25% for a final award of $56,000. Accord WBIP, LLC
v. Kohler Co., No. CIV.A. 11-10374-NMG, 2014 WL 4471412, at *2
(D. Mass. Sept. 8, 2014) (exercising discretion to impose 25%
reduction on fee award under § 285).

For the foregoing reasons, plaintiff is hereby directed to
pay defendant $56,000 in attorneys' fees.

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: September _16_, 2024

- 4 -

Appx924

Case: 25-1110    Document: 12    Page: 28    Filed: 02/06/2025
Case 1:20-cv-11739-NMG    Document 127    Filed 10/30/24    Page 1 of 2
Case 1:20-cv-11739-NMG    Document 122    Filed 10/16/24    Page 1 of 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FA-HSING LU,

       Plaintiff,

  v.

HYPER BICYCLES, INC,

       Defendant.

C.A. No. 1:20-cv-11739

---

### AMENDED JUDGMENT [Proposed]

**GORTON, D.J.**

The court having issued a Memorandum and Order dated August 7, 2023, granting Defendant Hyper Bicycles, Inc.'s Motion for Summary Judgment (Docket No. 94), and an Order dated September 16, 2024, awarding Defendant Hyper Bicycles, Inc. attorney fees in the amount of $56,000 (Docket No. 120), it is hereby

**ORDERED, ADJUDGED AND DECREED:**

That judgment is entered in favor of Defendant Hyper Bicycles, Inc. on Count I for Infringement of Patent No. US D 529, 842 S, and Count II for Infringement of Patent No. US D 556, 642 S of Plaintiff Fa-Hsing Lu's Complaint (Docket No. 1).

1

Case: 25-1110    Document: 12    Page: 29    Filed: 02/06/2025
Case 1:20-cv-11739-NMG    Document 127    Filed 10/30/24    Page 2 of 2
Case 1:20-cv-11739-NMG    Document 122    Filed 10/16/24    Page 2 of 2

That judgment is entered in favor of Defendant Hyper Bicycles, Inc. and against Plaintiff Fa-Hsing Lu in the amount of $56,000.

Dated: 10/30/2024

Nathanial M. Gorton
United States District Judge

2

Appx939

US00D529842S

(12) **United States Design Patent**
Lu

(10) Patent No.: **US D529,842 S**
(45) Date of Patent: ** Oct. 10, 2006

(54) **BICYCLE**

(76) Inventor: Fa-Hsiang Lu, 7F, No. 109, Sec. 3, Taijmggang Road, Shituen Chin, Taichung (TW)

(**) Term: 14 Years

(21) Appl. No.: 29/233,392

(22) Filed: Jul. 1, 2005

(51) LOC (8) Cl. ............................................. 12-11
(52) U.S. Cl. .......................................... D12/111
(58) Field of Classification Search ............ D12/110,
D12/111; 280/274–288, 281.1, 288.1, 288.2,
280/288.3, 827, 828; D21/432, 538; 446/440;
180/219, 220
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D281,615 S * 12/1985 Barbato et al. ............ D21/432
D291,292 S * 8/1987 Smith et al. ............ D12/111

D342,702 S * 12/1993 Camfield et al. ............ D12/111

* cited by examiner

*Primary Examiner*—Alan P. Douglas
*Assistant Examiner*—Linda Brooks
(74) *Attorney, Agent, or Firm*—Alan D. Kamrath; Nikolai & Mersereau, P.A.

(57) **CLAIM**

The ornamental design for a bicycle, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a bicycle showing our new design;
FIG. 2 is a right elevational view thereof;
FIG. 3 is a left elevational view thereof;
FIG. 4 is a front side elevational view thereof;
FIG. 5 is a rear side elevational view thereof;
FIG. 6 is a top plan view thereof; and,
FIG. 7 is a bottom plan view thereof.

1 Claim, 7 Drawing Sheets



Appx10

**U.S. Patent**          Oct. 10, 2006          Sheet 1 of 7          **US D529,842 S**



FIG.1

**U.S. Patent**    Oct. 10, 2006    Sheet 2 of 7    US D529,842 S



FIG.2



FIG.3

**U.S. Patent**    Oct. 10, 2006    Sheet 4 of 7    **US D529,842 S**



FIG.4



**FIG.5**

**U.S. Patent**        Oct. 10, 2006        Sheet 6 of 7        **US D529,842 S**



FIG.6



**FIG.7**

US00D556642S

(12) **United States Design Patent**    (10) Patent No.:    **US D556,642 S**
Lu    (45) Date of Patent:    ** **Dec. 4, 2007**

(54) **BICYCLE**

(76) Inventor:    Fa-Hsing Lu, 7F, No. 109, Sec. 3.,
Taijunggang Road, Shituen Chiu,
Taichung City (TW)

(**) Term:    14 Years

(21) Appl. No.: 29/262,719

(22) Filed:    Jul. 10, 2006

(51) LOC (8) Cl. .................................... 12-11
(52) U.S. Cl. .................................... D12/111
(58) Field of Classification Search ............ D12/110,
D12/111; 280/274–288, 281.1, 288.1–288.3,
280/827, 828; 446/440; 180/65.1–65.3,
180/65.5, 65.6, 205–207, 219, 220; D21/432,
D21/538
See application file for complete search history.

(56)    **References Cited**

U.S. PATENT DOCUMENTS

D281,615 S * 12/1985 Barbaro et al. ........... D21/432
D291,292 S * 8/1987 Smith et al. ........... D12/111
D342,702 S * 12/1993 Camfield et al. ........... D12/111
D529,842 S * 10/2006 Lu ........... D12/111

D529,843 S * 10/2006 Pizzi ........... D12/111

* cited by examiner

*Primary Examiner*—Cathron C. Brooks
*Assistant Examiner*—Linda Brooks
(74) *Attorney, Agent, or Firm*—C. G. Mersereau; Nikolai &
Mersereau, P.A.

(57)    **CLAIM**

The ornamental design for a bicycle, as shown and
described.

**DESCRIPTION**

FIG. 1 is a perspective view of a bicycle showing my new
design;
FIG. 2 is a front elevational view thereof;
FIG. 3 is a rear elevational view thereof;
FIG. 4 is a right elevational view thereof;
FIG. 5 is a left elevational view thereof;
FIG. 6 is a top plan view thereof; and,
FIG. 7 is a bottom plan view thereof.

**1 Claim, 7 Drawing Sheets**





FIG.1



FIG.2

Case: 25-1110    Document: 12    Page: 41    Filed: 02/06/2025



FIG.3



FIG.4

**U.S. Patent**     Dec. 4, 2007     Sheet 5 of 7     US D556,642 S



FIG.5



FIG.6



# FIG.7

Appx26

US00D556642S

(12) **United States Design Patent**    (10) Patent No.:    **US D556,642 S**
Lu    (45) Date of Patent:    **‡‡    Dec. 4, 2007**

(54) **BICYCLE**

(76) Inventor: Fa-Hsing Lu, 7F, No. 109, Sec. 3.,
Taijunggang Road, Shituen Chiu,
Taichung City (TW)

(‡‡) Term: 14 Years

(21) Appl. No.: 29/262,719

(22) Filed: Jul. 10, 2006

(51) LOC (8) Cl. ................................. 12-11
(52) U.S. Cl. .............................. D12/111
(58) Field of Classification Search ......... D12/110,
D12/111; 280/274–288, 281.1, 288.1–288.3,
280/827, 828; 446/440; 180/65.1–65.3,
180/65.5, 65.6, 205–207, 219, 220; D21/432,
D21/538
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D281,615 S | * | 12/1985 | Barbato et al. | ........... D21/432 |
| D291,292 S | * | 8/1987 | Smith et al. | ........... D12/111 |
| D342,702 S | * | 12/1993 | Camfield et al. | ........... D12/111 |
| D529,842 S | * | 10/2006 | Lu | ........... D12/111 |

| | | | | |
|---|---|---|---|---|
| D529,843 S | * | 10/2006 | Pizzi | ........... D12/111 |

* cited by examiner

*Primary Examiner*—Cathron C. Brooks
*Assistant Examiner*—Linda Brooks
(74) *Attorney, Agent, or Firm*—C. G. Mersereau; Nikolai &
Mersereau, P.A.

(57) **CLAIM**

The ornamental design for a bicycle, as shown and
described.

**DESCRIPTION**

FIG. 1 is a perspective view of a bicycle showing my new
design;

FIG. 2 is a front elevational view thereof;

FIG. 3 is a rear elevational view thereof;

FIG. 4 is a right elevational view thereof;

FIG. 5 is a left elevational view thereof;

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.

**1 Claim, 7 Drawing Sheets**





FIG.1

Case: 25-1110   Document: 12   Page: 48   Filed: 02/06/2025



FIG.2



FIG.3



FIG.4

U.S. Patent          Dec. 4, 2007          Sheet 5 of 7          US D556,642 S



FIG.5

U.S. Patent          Dec. 4, 2007          Sheet 6 of 7          US D556,642 S



FIG.6

**U.S. Patent**          Dec. 4, 2007          Sheet 7 of 7          **US D556,642 S**



# FIG.7

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 2025-1110

**Short Case Caption:** Fa-Hsing Lu v. Hyper Bicycles, Inc.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

[✓] the filing has been prepared using a proportionally-spaced typeface and includes _1,719_ words.

[ ] the filing has been prepared using a monospaced typeface and includes _____ lines of text.

[ ] the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 02/06/2025

Signature: /s/ Christopher E. Hultquist

Name: Christopher E. Hultquist

Save for Filing