No. 25-1110

---

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

---

**FA-HSING LU,**

*Plaintiff-Appellant*

v.

**HYPER BICYCLES, INC.,**

*Defendant-Appellee*

---

Appeal from the United States District Court for the
District of Massachusetts in No. 1:20-cv-11739-NMG,
Nathaniel M. Gorton, Judge

---

DEFENDANT-APPELLEE HYPER BICYCLES, INC.'S
CORRECTED ANSWERING BRIEF

---

Lawrence C. Ecoff, Esq.
ECOFF CAMPAIN & KAY, LLP
280 S. Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone:  310.887.1850
Facsimile:   310.887.1855
ecoff@ecofflaw.com

Counsel for Defendant-Appellee

David A. Wilson, Esq.
THOMPSON HINE, LLP
1919 M Street, NW, Suite 700
Washington, DC 20036
Telephone:  202.331.8800
Facsimile:   202.331.8330
David.Wilson@ThompsonHine.com

April 1, 2025

Pursuant to Fed. Cir. R. 32(a)(3), the patent at issue relates to, "[t]he ornamental design for a bicycle, as shown and described" on figures 1-7 on United States Design Patent Nos. US D529,842 S and US D556,642 S.

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## AMENDED CERTIFICATE OF INTEREST

**Case Number** 2025-1110

**Short Case Caption** LU v. HYPER BICYCLES, INC.

**Filing Party/Entity** HYPER BICYCLES, INC.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 4/1/2025

Signature: /s/ Lawrence C. Ecoff

Name: Lawrence C. Ecoff

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Hyper Bicycles, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| Lawrence C. Ecoff, Esq.<br>Ecoff Campain & Hay, LLP<br>280 S. Beverly Drive, Suite 504<br>Beverly Hills, CA 90212 | Justin P. Tinger, Esq.<br>Lambert Shortell & Connaughton<br>100 Franklin Street<br>Boston, MA 02110 | |
| David A. Wilson, Esq.<br>THOMPSON HINE, LLP<br>1919 M Street, NW, Suite 700<br>Washington, DC 20036 | David J. Connaughton , Jr., Esq.<br>Lambert Shortell & Connaughton<br>100 Franklin Street<br>Boston, MA 02110 | |
| Gary E. Lambert, Esq.<br>Lambert Shortell & Connaughton<br>100 Franklin Street<br>Boston, MA 02110 | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)    ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# **TABLE OF CONTENTS**

STATEMENT OF RELATED CASES ........................................................ 1

SUMMARY OF ARGUMENT .................................................................. 2

I.      INTRODUCTION ......................................................................... 2

II.     STATEMENT OF FACTS ............................................................ 3

ARGUMENT ............................................................................................ 7

I.      STANDARD OF REVIEW ........................................................... 7

II.     THE DISTRICT COURT PROPERLY AWARDED
        ATTORNEY FEES UNDER 35 U.S.C. § 285 .............................. 8

        A.   HYPER IS THE PREVAILING PARTY ............................. 8

        B.   THE CASE IS EXCEPTIONAL ........................................... 8

CONCLUSION ...................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Bayer CropScience AG v. Dow AgroSciences LLC*
    851 F.3d 1302, 1306 (Fed. Cir. 2017)..............................................8

*Eltech Systems Corp. v. PPG Industries, Inc.*
    903 F.2d 805, 810 (Fed. Cir. 1990)..................................................2

*Hensley v. Eckerhart*
    461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)...........8

*Highmark Inc. v. Allcare Health Mgmt. Sys.,*
    572 U.S. 559, 561, 134 S. Ct. 1744, 188 L. Ed. 2d 829 (2014).......7

*Interspiro, Inc. v. Figgie Int'l, Inc.*
    815 F. Supp. 1488, 1521 (D. Del. 1993)........................................13

*Mathis v. Spears*
    857 F.2d 749, 752 (Fed. Cir. 1988)..................................................3

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*
    572 U.S. 545, 552134 S. Ct. 1749, 1754, 188 L. Ed. 2d 816
    (2014)................................................................................................9

*Park-In-Theatres, Inc. v. Perkins*
    190 F.2d 137, 142 (9th Cir.1951)...................................................14

*Phonometrics, Inc. v. Westin Hotel Co.*
    350 F.3d 1242, 1245-1246 (Fed. Cir. 2002)....................................8

*Rohm &.Haas Co. v. Crystal Chemical Co.*
    736 F.2d 688, 690-691 (Fed. Cir. 1984)..................................10, 12

*Serio-US Indus., Inc. v. Plastic Recovery Techs., Inc.*
    459 F.3d 1311, 1322 (Fed. Cir. 2006)............................................10

*Taurus IP, LLC v. Daimler Chrysler Corp.*
    726 F.3d 1306, 1328 (Fed. Cir. 2013)............................................12

**_STATUTES_**

35 U.S.C. § 285 ...............................................................................2, 5, 8, 9

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Fed. Cir. R. 47.5(a), counsel for Defendant-Appellee certifies that another appeal from the same civil action proceeding was previously before this appellate court:

(a)    Fa-Hsing Lu, *Plaintiff-Appellant*, v. Hyper Bicycles, Inc., *Defendant-Appellee*, 2024-1081

(b)    February 10, 2025

(c)    Chief Circuit Judge Kimberly A. Moore, Circuit Judge Todd M. Hughes and Circuit Judge Tiffany P. Cunningham

(d)    2025 U.S. App. LEXIS 2965

## SUMMARY OF ARGUMENT

### I.    INTRODUCTION

The District Court properly determined that the action filed by Plaintiff-Appellant Fa-Hsing Lu ("Lu") was frivolous for two independent reasons and, as a result, properly awarded attorneys' fees to Defendant-Appellee Hyper Bicycles, Inc. ("Hyper").

First, Lu filed a patent infringement action which was frivolous when filed because he did not conduct any pre-filing investigation with respect to his claims. Second, Lu compounded the problem by failing to conduct any discovery whatsoever during the pendency of this action to advance his claims, despite requesting and obtaining four extensions of the fact discovery deadline.  Instead, Lu did nothing, requiring Hyper to incur significant attorneys' fees and costs in defending this action, appearing at various hearings and mediation, and ultimately bringing a motion for summary judgment which the District Court granted.

This conduct is exactly the kind of an exceptional situation that 35 U.S.C. § 285 is meant to address.  *Eltech Systems Corp. v. PPG Industries, Inc*. 903 F.2d 805, 810 (Fed. Cir. 1990) (affirming an award of attorney fees where the District Court stated, "the filing and maintaining of an infringement suit which the patentee knows, or on reasonable investigation should know, is baseless constitutes grounds for declaring a case exceptional under 35 U.S.C. § 285 . . .").  Indeed, patentees

who file frivolous lawsuits are not entitled to walk away while leaving the unfairly accused defendant to absorb the costs of litigation. *Mathis v. Spears,* 857 F.2d 749, 752 (Fed. Cir. 1988).

Lu, on the other hand, in his scant opening brief, conclusory argues that the District Court abused its discretion in funding the case to be "exception."' (Appellant's Opening Brief ("AOB"), pg. 5). Lu disagrees with the District Court's finding of frivolity based upon the record below. (AOB, pg. 5). Lu's argument, however, which suggesting that the district court "ignored the important of the deposition testimony provided," ignores Lu's own failures in the court below. Indeed, Lu's AOB completely neglects to address Lu's failure to meaningfully prosecute his claims, a finding made by the trial court and which supported the District Court's ultimate ruling. Nowhere, in the entirety of the AOB, does Lu address the trial court's determination as to Lu's "dilatory conduct during the litigation." (Appx850).

The District Court's ruling in finding the case "extraordinary" and awarding fees was well-reasoned and justified. Its ruling should be affirmed on appeal.

## II.    STATEMENT OF FACTS

Lu filed the underlying case on September 23, 2020, alleging that Defendant-Appellee Hyper Bicycles, Inc. ("Hyper") had infringed on Patent No. US D 529, 842 S ("842 MotoBike Patent") and Patent No. US D 556, 642 S ("642

3

SpeedBike Patent"). (Appendix ("Appx") 56-60). Hyper denied the material allegations of the complaint and asserted a number of affirmative defenses. (Appx69-74).

For the following three years, Lu did nothing to advance his case and in response to Hyper's Motion for Summary Judgment failed to put forth any evidence in the record to create a disputed issue of material fact. Lu did not propound any written discovery, take any depositions, or designate any expert witnesses, notwithstanding that Lu requested, and was granted, four extensions to the fact discovery competition date. (Appx522-537). Lu adduced no evidence of damages during discovery, and Lu did not retain a damages expert.

On the other hand, Hyper engaged in extensive discovery. Hyper propounded written discovery and conducted the deposition of Lu in an attempt to ascertain the basis for his complaint, as well as the nature and extent, if any, of his claimed damages. Significantly, during the course of his deposition, Lu testified, and indeed attested in his written Supplemental Responses to Defendant's First Request for Production of Documents, that he did not have any documents, communications, information or knowledge regarding the amount of monetary damages he purported to have suffered. (Appx565-573, 579, 589-591). Whether cast as a request for lost profits or for a reasonable royalty, Lu had no evidence from which a trier of fact could make a sustainable award of damages.

4

On June 1, 2023, after over two years of litigation, Hyper moved for summary judgment or in the alternative partial summary judgment. (Appx539-541). Hyper's motion for summary judgment was grounded on the undisputed facts that: (1) Lu proffered no evidence to support either of his claims for patent infringement; and (2) Lu did not have any evidence upon which a trier of fact could make a reasoned and factually supported award of damages. (Appx539).

On July 21, 2023, Lu filed a ***four-page*** response, which not only failed to address all of Hyper's salient arguments, but completely ignored the procedural requirement to address Hyper's separate statement of undisputed material facts. (Appx602-606).

On August 7, 2023, the Court granted Hyper's Motion for Summary Judgment on Count I for Infringement of Patent No. US D 529, 842 S, and Count II for Infringement of Patent No. US D 556, 642 S of Plaintiff Lu's Complaint. (Appx1-7). On September 20, 2023, the Court granted Hyper's Motion for Entry of Judgment and entered Judgment in favor of Hyper on both counts for infringement of Lu's Complaint. (Appx679).

Following entry of the Judgment, Hyper moved for an award of attorneys fees pursuant to 35 U.S.C. § 285. (Appx702). Lu submitted an opposition, which did not make a meaningful attempt to address or oppose the arguments raised by Hyper in support of the request for an award of attorneys' fees. (Appx832).

5

On November 11, 2023, the District Court allowed, in part, and denied, in part, Hyper's motion for an award of attorneys' fees.  (Appx846).

The District Court determined that based on the "frivolity of plaintiff's claims and his failure to litigate the case meaningfully, this is an exceptional case in which the award of attorneys' fees is warranted."  (Appx848).  The District Court based this finding on the extended age of the case and the "fact that during the three years of pendency, plaintiff failed to propound any written discovery, took no depositions and did not designate a single expert witness."  (Appx848). The District Court found further support with the fact that Lu "barely contested" Hyper's motion for summary judgment.  (Appx849) (" He submitted a cursory opposition, without an accompanying statement of facts in contravention of Local Rule 56.1. He, thus, conceded the material facts submitted by defendant and, based on the threadbare materials put forward in his brief, summary judgment was entered in favor of defendant.").  Given the totally of the circumstances, the District Court found that "plaintiff did not prosecute his claim in good faith and made little effort to limit the costs incurred by dragging it out."  (Appx850).

The District Court found that it did not have reason to believe that Lu originally filed the suit in bad faith but did find the case to be exceptional because of Lu's "dilatory conduct during the litigation."  (Appx850).  Accordingly, the District Court awarded Hyper attorneys' fees and costs incurred after January 3,

2022 because,

> On that date, 14 months after the litigation commenced,
> plaintiff admitted in an interrogatory that he had no records
> in his possession "identifying any products imported,
> manufactured, sold, or offered [for] sale" that infringed the
> patents in suit. At that juncture, counsel for plaintiff should
> have known his client's patent infringement claim was
> meritless and should have been dismissed.

(Appx850).

On November 28, 2023, Hyper filed an Application for Award of Attorneys'
Fees in the amount of $89,075.99.  (Appx852).  Lu filed an opposition requesting
that the fee award be denied in total, or reduced.  (Appx914).  The District Court
granted the application but reduced the award to $56,000.  (Appx921).

## ARGUMENT

## I.    STANDARD OF REVIEW

The Court of Appeal reviews the district court's determination that a case is
exceptional for abuse of discretion.  *Highmark Inc. v. Allcare Health Mgmt. Sys.,*
572 U.S. 559, 561, 134 S. Ct. 1744, 188 L. Ed. 2d 829 (2014).  A district court
abuses its discretion when it makes "a clear error of judgment in weighing relevant
factors or in basing its decision on an error of law or on clearly erroneous factual

findings." *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) (citing Highmark, 572 U.S. at 563 n.2).  Great deference is given to a district court's exceptional-case determination where the district court provides "a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

## II.    THE DISTRICT COURT PROPERLY AWARDED ATTORNEY FEES UNDER 35 U.S.C. § 285

Awarding attorney fees under 35 U.S.C. § 285 requires a two-part analysis. First, the Court must determine whether the party seeking to recover fees is a "prevailing party."  If so, the Court then evaluates whether the case is exceptional and  warranting an award of fees.  *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1245-1246 (Fed. Cir. 2002).

### A.    Hyper is the Prevailing Party

There is no question that Hyper was the prevailing party.  Judgment was entered in favor of Hyper and against Lu on both counts of the Complaint. (Appx8).

### B.    The Case is Exceptional

Since Hyper is the prevailing party, the next question is whether or not this case is exceptional.  The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party. 35 U.S.C. § 285.  In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court provided

guidance on this fee-shifting provision:

> An "exceptional" case is simply one that stands out from
> others with respect to the substantive strength of a party's
> litigating position (considering both the governing law and
> the facts of the case) or the unreasonable manner in which
> the case was litigated. District courts may determine whether
> a case is "exceptional" in the case-by-case exercise of their
> discretion, considering the totality of the circumstances.

572  U.S. 545, 552134 S. Ct. 1749, 1754, 188 L. Ed. 2d 816 (2014).

Awarding attorney's fees under § 285 requires "a simple discretionary
inquiry" which imposes "no specific evidentiary burden" and no sanctionable
conduct or bad faith is required.  *Id.* at 1757-58.  With its decision in *Octane
Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court noted that factors
that a district court may consider in evaluating whether a case is exceptional,
included "frivolousness, motivation, objective unreasonableness (both in the
factual and legal components of the case) and the need in particular circumstances
to advance considerations of compensation and deterrence."  *Id*. at 1756 n.6.  A
party seeking an award under § 285 need only prove its entitlement to fees by a
preponderance of the evidence.  *Id.* at 1758.

The Federal Circuit has made it plain that the term "exceptional" means just

that. It does not apply to miscalculation about the chances of prevailing or run-of-the-mill litigation problems. *Rohm &.Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 690-691 (Fed. Cir. 1984).

This case does not involve a miscalculation of the chances of prevailing. Instead, the evidence established a calculated decision by Lu to file an action for direct infringement with no evidence or knowledge that Hyper infringed on the patents, or sold any products that infringed on the patents, and then proceeded to conduct no discovery to advance the theory of direct infringement. The totality of the circumstances establishes that the complaint was frivolously filed and maintained with no objective reasonableness. Prevailing alleged infringers are entitled to an award of attorney fees in cases that involve "litigation in bad faith by the patentee, or fraud or other inequitable conduct during prosecution…" *Id.*

When the accused infringer prevails in the underlying action, as is the case here, factors relevant to the inquiry include the closeness of the question, pre-filing investigation and discussions with the defendant, and litigation behavior. See *Serio-US Indus., Inc. v. Plastic Recovery Techs., Inc.*, 459 F.3d 1311, 1322 (Fed. Cir. 2006). Each of these factors supports the District Court's finding that this is an exceptional case warranting the award of attorneys' fees.

First, there is no question of closeness. Lu filed an action asserting two counts for patent infringement. (Appx56). Yet, Lu admitted at his deposition that

he did not have any pre-filing evidence to support his claim.  (Appx735).  Lu

admitted that had no evidence that Hyper received any profits from the sale of

products that purportedly infringed on the 842 Patent.  (Appx735).  During the

three years of pendency, Lu failed to propound any written discovery, took no

depositions and did not designate a single expert witness.  (Appx848).

On the other hand, Hyper was diligent in its defense of the action.  Hyper

propounded written discovery and took the Plaintiff's deposition.  (Appx725).

Such discovery established that Lu had no factual basis to support any of his claim.

In granting summary judgment, the District Court noted, "Lu testified that he had

no knowledge, however, of whether a single product was actually sold. Such scant

and vague testimony does not present a genuine dispute as to whether defendant

sold products that infringed plaintiff's patents." (Appx 5).  The Court further

found that, "With respect to damages, Lu proffers no evidence at all." *Id.*

Second, Lu's testimony and discovery responses establish that he did not

conduct any pre-filing investigation to support his claim.  Lu repeatedly admitted

that he did not possess any evidence, whether documentary or testamentary, to

support either of his two claims.  Since Lu did not propound any discovery, any

information he possessed to support his claims would have been known to him

prior to the filing of his Complaint.  The absence of evidence verifies that Lu did

not conduct any pre-filing investigation.

Third, Lu's litigation behavior also supports an award of attorneys' fees.  If the patentee prolongs litigation in bad faith, an exceptional finding may be warranted. See *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 691 (Fed. Cir. 1984) (Prevailing alleged infringers are entitled to an award of attorney fees in cases that involve "litigation in bad faith by the patentee, or fraud or other inequitable conduct during prosecution…").  Lu requested on four separate occasions an extension of the fact discovery deadline.  (Appx848).  Each time, Hyper stipulated to the extension, and the Court granted each of Lu's four separate requests for extension.  *Id.*  Yet, and despite such requested repeated extensions, Lu did not propound any written discovery, take any depositions, or designate any experts throughout the course of this litigation.  (Appx849).

Despite the foregoing, Lu continued prosecuting this litigation, requiring Hyper to incur attorneys' fee in bringing its motion for summary judgment.  Even in this regard, Lu failed to properly oppose the motion for summary judgment and comply with Local Rule 56.1.  (Appx4) ("As an initial matter, plaintiff has neglected to submit a concise statement of the facts which he contends present a genuine issue to be tried.")

During litigation, a patent owner has a  duty to continually assess its patent infringement claim.  *Taurus IP, LLC v. Daimler Chrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013)  ("a case can be found exceptional when a party prolongs

litigation in bad faith").  The evidence clearly establishes that Lu did not assess its patent infringement before or during litigation.  He simply filed his Complaint and placed the burden on Hyper to disprove the basis for Lu's infringement claims.

Ther District Court correctly determined that Lu did not engage in any effort to evaluate the likelihood of success on his patent claims, either before or during the pendency of this litigation.  Instead, Lu allowed this case to linger for more than three years, eventually requiring Hyper to incur attorneys' fee in defending this action, appearing at hearings and mediation, and bringing its motion for summary judgment to end the litigation, which should have never been filed in the first place.  Lu unjustifiably burdened this Court and Hyper with a frivolous claim of patent infringement.

"An exceptional case is one in which it would be grossly unfair for the prevailing party to bear the cost of litigation, or where the conduct of the losing party is marked by bad faith or unfairness." *Interspiro, Inc. v. Figgie Int'l, Inc.*, 815 F. Supp. 1488, 1521 (D. Del. 1993).  "Thus, the payment of attorney's fees for the victor is not to be regarded as a penalty for failure to win a patent infringement suit. The exercise of discretion in favor of such an allowance should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel

13

fees which prevailing litigants normally bear." *Park-In-Theatres, Inc. v. Perkins*, 190 F.2d 137, 142 (9th Cir.1951).

In its AOB, Lu suggests that the District Court ignored his scant opposition in response to Hyper's motion for summary judgment. (AOB, pg. 8). The District Court did not do so. However, what Lu ignores is the entire basis for the District Court's ruling. Lu ignores the District Court's finding that despite multiple extensions of the discovery cut-off, Lu did nothing. Lu ignores the District Court's observation that Lu failed to properly oppose Hyper's motion for summary judgment, and further failed to act diligently in prosecuting his case. Lu's AOB also ignores the precedent cited by Hyper, and its persuasive authority for the District Court's ruling. Lu makes no effort to discuss or criticize the authorities cited and relied upon by Hyper.

Lu's conduct on appeal mirrors his actions in the court below – ignorance and a disregard for his own shortcomings in prosecuting his case, all of which caused Hyper to incur significant fees and costs. This case is exceptional for what Lu failed to do, and his conduct during the prosecution of the case was "exceptional."

Lu's complete and total lack of prosecuting this action cannot be adequately underscored. After filing this case, Lu did absolutely nothing. No affirmative acts were taken to prosecute this action. Evidencing the absolute lack of merit is the

14

fact that Lu did not even retain or designate any expert witnesses, an absolute pre-requisite for a patent infringement case. It is clear that Lu's lawsuit was intended solely to compel Hyper to incur significant attorney's fees and costs, thus evidencing bad faith and unfairness.

## **CONCLUSION**

The record on appeal demonstrates that the District Court did not abuse its discretion in concluding this action to be exceptional. There is nothing in the record to remotely establish that the District Court committed a clear error of judgment in weighing the relevant factors or based its decision on an error of law or fact. Hyper respectfully requests that this Court affirm the order of the District Court awarding Hyper attorneys' fees in the amount of $56,000, and award Hyper costs on appeal and other appropriate relief.

Date:  April 1, 2025                    Respectfully submitted by,

                                        Attorneys for Defendant-Appellee
                                        Hyper Bicycles, Inc.

                                        ECOFF CAMPAIN & KAY LLP

                                        /s/ Lawrence C. Ecoff
                                        Lawrence C. Ecoff, Esq.
                                        280 S. Beverly Drive, Suite 504
                                        Beverly Hills, California 90212
                                        Telephone:  310.887.1850
                                        Facsimile:   310.887.1855
                                        ecoff@ecofflaw.com

David A. Wilson, Esq.
Thompson Hine, LLP
1919 M Street, NW, Suite 700
Washington, DC 20036
Telephone:  202.331.8800
Facsimile:   202.331.8330
David.Wilson@ThompsonHine.com

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  25-1110

**Short Case Caption:**  Lu v. Hyper Bicycles, Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  3,134  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 04/01/2025

Signature:  /s/ Lawrence C. Ecoff

Name:  Lawrence C. Ecoff