**2025-1110**

# United States Court of Appeals for the Federal Circuit

FA-HSING LU,

*Plaintiff-Appellant,*

– v. –

HYPER BICYCLES, INC.,

*Defendant-Appellee.*

*On Appeal from the United States District Court of Massachusetts in No. 1:20-cv-11739-NMG*

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

CHRISTOPHER E. HULTQUIST
HULTQUIST LAW, P.C.
56 Pine Street, Suite 200
Providence, Rhode Island 02903
(401) 383-6650
hultquistlaw@gmail.com

*Counsel for Plaintiff-Appellant Fa-Hsing Lu*

APRIL 8, 2025



(800) 4-APPEAL • (336014)

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ..................................................................................... 1-2

STANDARD OF REVIEW ........................................................................ 2-3

ARGUMENT .................................................................................................3

    I.    The Trial Court Ignored Hyper's Conduct When Making A Factual Finding of Dilatory Conduct and Also Ignored Hyper's Misrepresentation to the Court that Lu made an Admission in an Answer to Interrogatory ..................................... 3-5

    II.    The Record Evidence Does Not Support an Exceptional Case Finding................................................................................................ 5-7

CONCLUSION ..............................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Bayer CropScience AG v. Dow AgroSciences LLC*,
   851 F.3d 1302, 1306 (Fed. Cir.2017)
   (quoting *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
   150 F.3d 1374, 1377 (Fed. Cir. 1998) )………………………………......……..3

*Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*,
   790 F.3d 1369, 1373 (Fed. Cir. 2015)………………………………………...……4

*Highmark Inc. v. Allcare Health Mgmt. Sys.*,
   572 U.S. 559, 561, 134 S.Ct. 1744, 188 L. Ed. 2d 829 (2014)………………..…..2

*Hyper Bicycles, Inc. v. Ballard Pacific Resources, Inc.*
   C.A. No: 2:2021-cv-01574, United States District Court Central District of
   California, Western Division….…………………………………………………….6

*Intellect Wireless, Inc. v. Sharp Corp.*,
   45 F. Supp. 3d 839, 853 (N.D. Ill. 2014)………………………………………....…5

*JOAO Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*,
   No. 12-1138, 2016 WL 1267159, at *1 (D. Del. Mar. 31, 2016)……………....…5

*Monolithic Power Sys. Inc. v. O2 Micro Int'l Ltd.*,
   726 F.3d 1359, 1366 (Fed. Cir. 2013)………………………………………...……5

*Octane Fitness*, 572 U.S. at 548–49
       (quoting *Park-In-Theatres, Inc. v. Perkins*,
       190 F.2d 137, 142 (9th Cir. 1951))………..……………………………….…7

*SFA Sys., LLC v. Newegg Inc.*,
   793 F.3d 1344, 1348-49 ( Fed. Cir. 2015)………………………………..…….6

**Statutes & Other Authorities:**

35 U.S.C. §285 ……………………………………………………………………..1

Pursuant to Rule 28(c) of the Federal Rules of Appellate Procedure, Appellant, Fa-Hsing Lu ("Lu") files the instant Reply to Appellee, Hyper Bicycles, Inc.'s ("Hyper") Response Brief filed on March 18, 2025.

## INTRODUCTION

On October 4, 2023, following Judgment in its favor on Lu's underlying patent infringement claim, Hyper filed a Motion for Award of Attorneys' Fees in the Massachusetts Federal District Court pursuant to 35 U.S.C. §285. Appx 702-703. On November 7, 2023, the district court issued a Memorandum and Order granting Hyper's Motion for Award of Attorneys' Fees. Appx846-851. The district court granted the motion as to all reasonable fees incurred on or after January 3, 2022, but denied the other portion of the motion. Appx851 The district court stated in part:

> "This court does not have reason to believe that the suit was originally filed in bad faith or that plaintiff engaged in misconduct…. In any event, the case is exceptional because of his dilatory conduct during the litigation. Accordingly, this Court will award defendant attorneys' fees and costs incurred after January 3, 2022. On that date, 14 months after the litigation commenced, plaintiff admitted in an interrogatory that he had no records in his possession "identifying any products imported, manufactured, sold or offered [for] sale" that

infringed the patents in suit. At that juncture, counsel for plaintiff should have known his client's patent infringement claim was meritless and should have been dismissed." Appx850.

Despite Hyper's contention in its Answering Brief that Lu's patent infringement action was frivolous as filed (Appellee's Answering Brief, pg. 2), the district court was explicit in its ruling that it did not have reason to believe that the suit was filed in bad faith or that plaintiff engaged in misconduct. Appx850. The court awarded attorneys' fees for what it characterized as dilatory conduct during the litigation and limited the fee award to the time period following January 3, 2022. *Id.* On November 28, 2023, Hyper filed an Application for Award of Attorney's Fees that was limited to the time frame ordered by the trial court. (Appx852-859). On September 16, 2024, the trial court entered an Order awarding the Plaintiff $56,000.00. (Appx921-924).

For the following reasons, and the reasons mentioned in Lu's Opening Brief, Lu contends that the court's determination that the case was exceptional was based upon an erroneous assessment of the evidence.

## STANDARD OF REVIEW

The Court of Appeals reviews the district court's determination of whether a case is exceptional for an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 572 U.S. 559, 561, 134 S.Ct. 1744, 188 L. Ed. 2d 829 (2014). "To

meet the abuse-of-discretion standard, the moving party must show that the district court has made 'a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings.' " *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) (quoting *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1377 (Fed. Cir. 1998) ).

## ARGUMENT

**I.    The Trial Court Ignored Hyper's Conduct When Making A Factual Finding of Dilatory Conduct and Also Ignored Hyper's Misrepresentation to the Court that Lu made an Admission in an Answer to Interrogatory.**

It is Lu's position on appeal that the district court erred in its' assessment of the evidence presented in the record. Regarding the trial court's finding of dilatory conduct, it is important to first note that the *Assented to* requests to extend deadlines in the Scheduling Order began on February 28, 2022. Appx522-524. Just four days prior to that date, on February 24, 2022, local counsel for Hyper filed a Notice of Withdrawal. Appx520-521. In that Notice, local counsel represented that successor local counsel would be filing an appearance shortly. Appx520. Despite that representation, successor local counsel did not enter an appearance until December 8, 2022, over nine months following the Notice of Withdrawal. Appx951.

On February 28, 2022, August 30, 2022 , and December 5, 2022, Plaintiff filed Assented to Motions to Extend Time to Extend Deadlines in the Scheduling Order. Appx522-524, Appx526-528, Appx531-533. In each of those requests for an extension, a representation that time would be needed for Local Counsel to get acquainted with the case was made to the court and was a part of the request for extension of time. *Id*.

Hyper's delay in entering an appearance of Local Counsel certainly contributed to the request for extensions in the district court. Lu contends that the trial court failed to consider Hyper's over nine-month delay in entering a local counsel appearance when finding the case to be exceptional. This Court recognizes that the conduct of the moving party is relevant when determining whether a case is exceptional. *See Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("[T]he conduct of the parties is a relevant factor under *Octane's* totality-of-the-circumstances inquiry, including the conduct of the movant ...."

In addition to the delay in entering an appearance for local counsel, Hyper made a misrepresentation to the district court in its Application for Fees when stating "on January 3, 2022, after fourteen months of litigation, Lu admitted in response to an interrogatory that he had no evidence to support his claims." Appx861. That is untrue. Hyper did not propound interrogatories to Plaintiff.

4

Hyper propounded requests for production of documents during this litigation. The fact that Plaintiff does not have documents in his possession responsive to a document request does not equate to an admission that there is no evidence to support his claims.

This misrepresentation made by Hyper was in fact cited by the trial court in its reasoning in granting the application for attorneys' fees, specifically allowing fees for work done following January 3, 2022. Appx850.

## II. The Record Evidence Does Not Support an Exceptional Case Finding.

Examples of misconduct that support a court's exceptional case finding include "litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit; or willful infringement." *Monolithic Power Sys. Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013). The post *Octane* decisions finding exceptionality for conduct have generally relied on egregious behavior. *See*, *e.g., Intellect Wireless, Inc. v. Sharp Corp.*, 45 F. Supp. 3d 839, 853 (N.D. Ill. 2014) (finding exceptionality based on plaintiff's conduct of falsifying declarations before the USPTO to obtain the patents at issue); *JOAO Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*, No. 12-1138, 2016 WL 1267159, at *1 (D. Del. Mar. 31, 2016) (finding exceptionality based on plaintiff's conduct after it originally asserted infringement for over eighty products, narrowed the accused products to seven by court order, and changed the representative

5

products four times by the time it served its final infringement contentions in which plaintiff ultimately asserted six never-before asserted claims).

For a case to be exceptional under the Patent Act's attorney fee provision, the losing party's litigating position must be "so merit-less as to 'stand out' from the norm; it is not enough that its legal and factual arguments ultimately turned out to be incorrect or unsuccessful. *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348-49 ( Fed. Cir. 2015).

The record before the trial court does not support a finding of exceptionality, and the trial court abused its discretion when making erroneous factual findings. The record shows a situation in which Lu's legal and factual arguments ultimately did not prevail. However, an examination of the record before the trial court showed the following. On April 20, 2023, Lu's counsel took the deposition of Clay Goldsmid, CEO of Hyper Bicycles, Inc, in the matter of *Hyper Bicycles, Inc. v. Ballard Pacific Resources, Inc.* C.A. No: 2:2021-cv-01574, United States District Court Central District of California, Western Division. Appx614-617. This deposition was taken in a different case, but lead counsel for Lu and Hyper represented the respective parties. *Id.* During the deposition, Mr. Goldsmid was shown photos of what Lu contended to be the infringing products manufactured by Hyper. When asked if each of the bicycles identified as the infringing products in

the underlying patent infringement action Complaint were based upon the drawings in the respective patents, he acknowledged that they were. Appx617.

Lu submitted his own deposition testimony stating that he became aware that the identified infringing bicycles were being sold on Walmart.com in the 2019-20-time frame. Appx618-624. In addition, Lu identified Hyper's own November 19, 2020 Counterclaim against Lu in the underlying action citing the language in Paragraph 24 "from 2016 forward, Hyper manufactured Moto Bikes and Speed Bikes through its own manufacturer, and sold its Moto Bikes and Speed Bikes directly to Walmart." Appx604, Appx79.

Although the trial court did not agree with Lu's position that the record contained sufficient factual issues to defeat's Hyper's Motion for Summary Judgment, the record before the trial court does not support a finding of exceptionality. In fact, the trial court stated that the suit was not filed in bad faith and that plaintiff did not engage in misconduct. Appx850.

Fees are not to be awarded "as a penalty for failure to win a patent infringement suit." *Octane Fitness*, 572 U.S. at 548–49 (quoting *Park-In-Theatres, Inc. v. Perkins*, 190 F.2d 137, 142 (9th Cir. 1951)). Although Lu's claim was ultimately unsuccessful, the trial court record does not support a showing of egregious behavior and exceptionality.

## CONCLUSION

For the above-mentioned reasons, and the reasons mentioned in Lu's Opening Brief, Lu contends that the trial court's determination that the case was exceptional was based upon an erroneous assessment of the evidence, and the court abused its discretion in making the finding of exceptionality.  In light of the erroneous factual findings made by the trial court, Lu requests the Court to vacate the trial court's November 7, 2023 Order granting Hyper's Motion for Award of Attorneys' Fees (Appx846-85) and the September 16, 2024 Order awarding Hyper $56,000.00.  (Appx921-924).

Dated: April 8, 2025

                                                   Respectfully submitted,

                                                   /s/Christopher E. Hultquist

                                                   CHRISTOPHER E. HULTQUIST
                                                   HULTQUIST LAW, P.C.
                                                   56 Pine Street, Suite 200
                                                   Providence, Rhode Island 02903
                                                   (401) 383-6650
                                                   hultquistlaw@gmail.com

                                                         Counsel for Plaintiff-Appellant

FORM 19. Certificate of Compliance with Type-Volume Limitations    Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 25-1110

**Short Case Caption:** Lu v. Hyper Bicycles, Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __1,684__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 04/08/2026        Signature: /s/Christopher E. Hultquist

                        Name: Christopher E. Hultquist

Save for Filing